UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - X

| | |
|---|---|
| UNITED STATES OF AMERICA | PROPOSED PROTECTIVE ORDER |
| - against - | 20 –CR-272(PKC) |
| DONAL O'SULLIVAN, HELEN O'SULLIVAN and PADRAIG NAUGHTON, | |
| Defendants. | |

- - - - - - - - - - - - - - - - X

IT IS HEREBY ORDERED by the Court, pursuant to Title 28, United States Code, Section 1867(f) that:

1. All grand jury panel information disclosed pursuant to the Court's August 7, 2020 Order (the "Grand Jury Panel Information") shall be governed by this protective order (the "Protective Order").

2. The Grand Jury Panel Information may be used only in connection with the preparation and/or litigation of a motion in this case challenging the jury selection procedures of the Eastern District of New York (the "District"). The Grand Jury Panel Information may not be used for purposes of jury selection, trial, or any other matter other than the preparation and/or litigation of a motion in this case challenging the District's jury selection procedures.

3. The Grand Jury Panel Information either must be returned to the Court at the commencement of jury selection or counsel must certify that the Grand Jury Panel

Information has been destroyed and that no copies of the Grand Jury Panel Information have been retained in any form.

4. Consistent with 28 U.S.C. § 1867(f), the Grand Jury Panel Information may not be disclosed, shown or distributed in any manner to any individual who is not a party to this litigation. Should counsel believe disclosure to an individual who is not a party to this litigation is necessary for preparation and/or litigation of a motion in this case challenging the District's jury selection procedures, counsel must make an application to the Court requesting authorization to disclose the Grand Jury Panel Information. Disclosure to an individual who is not a party to this litigation may not occur until an order from the Court is entered authorizing such disclosure.

5. A defendant shall not possess the Grand Jury Panel Information at any time, except when reviewing the Grand Jury Panel Information with counsel. Copies of the Grand Jury Panel Information may not be retained by any defendant and must remain in the custody and control of counsel.

6. None of the Grand Jury Panel Information, nor any copies, notes, transcripts, documents, or other information and materials derived or prepared from the Grand Jury Panel Information shall be disseminated to, or discussed with, the media in any form. Nothing in this Protective Order prohibits the media from obtaining copies of any items that become public motions, memorandum, or exhibits at any conference, hearing, trial, or other proceeding.

7. Nothing in this Protective Order in any way releases counsel for the government or Defense Counsel from the obligations of the "Free Press Fair Trial Directives" of Local Rule 23.1 of the Local Criminal Rules of the District.

8. In the event the terms of this Protective Order are violated, Defense Counsel or the government shall advise the Court and opposing counsel immediately of the nature and circumstances of such violation.

9. This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

SO ORDERED.

DATED:   Brooklyn, New York
         August    , 2020

_____
THE HONORABLE PAMELA K. CHEN
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF NEW YORK