UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
UNITED STATES OF AMERICA,

        - against -

DONAL O'SULLIVAN,

        Defendant.
----------------------------------------------------------x

**MEMORANDUM & ORDER**
20-CR-0272 (PKC)

PAMELA K. CHEN, United States District Judge:

Pending before the Court is Defendant Donal O'Sullivan's motion for early termination of his supervised release. (Dkt. 467.) For the reasons that follow, that application is denied. However, the Court modifies the terms of his supervised release, as discussed below, to ease restrictions on his travel.

## LEGAL STANDARD

Pursuant to 18 U.S.C. § 3564(c), the Court is authorized to terminate the remainder of a defendant's term of supervised release, "pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation," 18 U.S.C. § 3583 ("Section 3583"), "where a defendant has served at least one year of his supervised release and his conduct and the interests of justice so require[.]" *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997) (noting that a defendant's "exceptionally good behavior" could justify reduction of a supervised release term). The defendant bears the burden of proving that he is eligible for early termination of supervised release under Section 3583(e)(1). *See United States v. Key*, 602 F.3d 492, 494 (2d Cir. 2010) ("To be eligible for termination of supervised release under 18 U.S.C. § 3583(e)(1), a defendant must establish that the termination is warranted by (1) the conduct of the defendant and (2) the interest of justice.") (citations omitted).

Early termination is "not warranted as a matter of course; on the contrary, it is only 'occasionally' justified." *United States v. McKay*, 352 F. Supp. 2d 359, 361 (E.D.N.Y. 2005) (quoting *Lussier*, 104 F.3d at 36); *see also United States v. Fenza*, No. 03-CR-0921 (ADS), 2013 WL 3990914, at *2 (E.D.N.Y. Aug. 2, 2013) (reiterating that early termination "is not warranted as a matter of course"). As the Second Circuit explained in *Lussier*:

> Section 3583(e) provides the district court with retained authority to revoke, discharge, or modify terms and conditions of supervised release following its initial imposition of a supervised release term in order to account for new or unforeseen circumstances. Occasionally, changed circumstances—for instance, exceptionally good behavior by the defendant or a downward turn in the defendant's ability to pay a fine or restitution imposed as conditions of release—will render a previously imposed term or condition of release either too harsh or inappropriately tailored to serve the general punishment goals of [18 U.S.C. §] 3553(a). In such cases, the court may invoke either subsection (1), which "works to the advantage of the defendant," or subsection (2), which "can be employed either to the defendant's advantage or his disadvantage," . . . to discharge the defendant from supervised release, to modify and make less demanding the conditions of release, or to reduce the length of the term of release.

104 F.3d at 36 (citations omitted).

"It is well-established that mere compliance with the terms of supervised release and the law is insufficient to justify termination." *United States v. Solano*, 19-CR-0017 (PKC), 2023 WL 4599937, at *1 (E.D.N.Y. July 18, 2023); *United States v. Simels*, 08-CR-0640 (PKC), 2023 WL 4599839, at *1 (E.D.N.Y. July 18, 2023); *see United States v. Stein*, No. 09-CR-0377 (RPK), 2020 WL 4059472, at *2 (E.D.N.Y. July 19, 2020) ("Exceptionally good behavior is not established by mere compliance with the terms of supervised release."); *United States v. Rusin*, 105 F. Supp. 3d 291, 292 (S.D.N.Y. 2015) (noting that termination is not necessarily justified "where a defendant did nothing more than that which he was required to do by law," which is "full compliance with the terms of supervised release") (citations omitted).

In deciding whether to grant early termination of supervised release, the Court must also consider the "factors set forth in 18 U.S.C. 3553(a) [("Section 3553")] to the extent that they are applicable." 18 U.S.C. § 3564(c); *see also* 18 U.S.C. § 3583(e) ("The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)[,] . . . terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice[.]").

## DISCUSSION

Defendant argues that early termination of his supervised release is justified for two reasons: (1) his "exceptionally good behavior" while on release; and (2) "the changed circumstances in Ireland, which make the [Low Intensity Caseload's] international travel requirements unduly stressful and burdensome on him." (Def.'s Ltr. Mot., Dkt. 468, at 3 (citing *Lussiter*, 104 F.3d at 36, and *Solano*, 2023 WL 4599937, at *1).) Even if the Court were to find that Defendant's conduct while on supervised release qualifies as "exceptionally good behavior," *see* 18 U.S.C. § 3583(e)(1) (permitting early termination where court finds "such action is warranted by the conduct of the defendant released and the interest of justice"),[1] it does not find early termination warranted based on the relevant sentencing factors under Section 3553(a).

Here, the relevant Section 3553(a) sentencing factors weigh against early termination. Defendant oversaw a fraud scheme that resulted in at least $1.2 million in damages to the victim union benefit funds.[2] (Restitution Order, Dkt. 420, at 3.) Based on the nature and circumstances

---

[1] The Court does not find that Defendant's need to travel abroad more frequently justifies early termination because this need can be addressed by relaxing the restrictions on his travel, as the Court now does.

[2] As Defendant argues, the Supreme Court's recent decision in *Esteras v. United States*, 606 U.S. __, 2025 WL 1716137 (June 20, 2025), confirms that the Court may not consider

3

of the crime, there is a need for Defendant's sentence, including his term of supervised release, to deter others from engaging in the same type of fraud. Furthermore, as the Court found at sentencing, notwithstanding the deterrent effect of this prosecution, there remains a need for specific deterrence as to Defendant.[3] (*See* Sentencing Transcript ("Sent. Tr."), Dkt. 417 at 35, 81–82; Statement of Reasons, Dkt. 422, at ¶ VIII.) Indeed, the Court expressed concern at sentencing about Defendant's risk of recidivism based on his participation in a separate, but similar, scheme to avoid payment of union benefits using alter egos, which involved some of the same victims as this case. (Sent. Tr., Dkt. 417, at 35–38.) That conduct was the subject of civil litigation before the Honorable Colleen McMahon, who issued a scathing assessment of Defendant's credibility and made strong findings of liability against him. *Moore v. Navillus Tile, Inc.*, 276 F. Supp. 3d 110, 156 (S.D.N.Y. 2017), *vacated*, No. 14-CV-8326 (CM) (JLC), 2018 WL 7048697 (S.D.N.Y. Oct. 26, 2018).[4]

Thus, the Court does not find that early termination of Defendant's supervised release term is warranted. However, based on Defendant's representation that his current travel restrictions are

---

the seriousness of the crimes committed by Defendant (Section 3553(a)(2)(A)) in deciding whether to grant early termination of his supervised release. *See Esteras*, 2025 WL 1716137, at *2040. However, the Court agrees with the Government that the Court is still allowed to consider the nature and circumstances of the offense committed by Defendant (Section 3553(a)(1)) in deciding whether to grant early termination of Defendant's supervised release. (*See* Dkt. 477, at 3 (citing, *inter alia*, Section 3553(a)(1)); *see also* 18 U.S.C. § 3583(e) (permitting the Court to consider, *inter alia*, Section 3553(a)(1)). Nothing in *Esteras* bars the Court from continuing to consider this sentencing factor.

[3] In making this determination, the Court has not considered the information proffered by the Government regarding Defendant's alleged illegal possession of a cellphone during his incarceration, given the absence of any supporting documentation.

[4] Although Judge McMahon ultimately vacated her decision on these issues as part of the settlement reached by the parties, the Court considers Judge McMahon's credibility and liability assessments relevant to Defendant's risk of recidivism and the need for continued supervision.

4

interfering with his ability to see family members, some of whom live in Ireland, and without objection from the Government, the Court modifies Defendant's supervised release conditions to allow him to travel outside the district without receiving prior approval from the Probation Department, so long as he provides 24 hours' notice to his Probation Officer of his travel plans, including a detailed itinerary. In the event of an emergency, Defendant shall provide notice to the Probation Department within 48 hours after he leaves the jurisdiction.

## CONCLUSION

Accordingly, Defendant's request for early termination of supervised release is denied, but the conditions of his supervision are modified.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: July 23, 2025
       Brooklyn, New York